**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MELVIN GEOVANI BARILLAS PINTO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | No. 4:26-CV-01838<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 31, 2026**

Petitioner Melvin Geovani Barillas Pinto is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. Barillas Pinto commenced this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks immediate release from detention. For the following reasons, the Court will deny Barillas Pinto's Section 2241 petition.

## I. BACKGROUND

Barillas Pinto is a native and citizen of Guatemala who entered the United States on March 9, 2013, on a nonimmigrant B2 visa with authorization to remain

in the United States until September 8, 2013.[1] He overstayed this visa without permission.[2] On January 9, 2018, he filed a form I-589 Application for Asylum and for Withholding of Removal.[3] On July 16, 2018, he was issued a Notice to Appear, charging him as removable pursuant to Section 237(a)(1)(B) of the INA (remaining longer than permitted), and released on his own recognizance.[4] On February 8, 2022, an immigration judge (IJ) dismissed the proceedings.[5]

On December 1, 2025, Barillas Pinto was arrested by local police in Lehigh County, Pennsylvania, and charged with multiple misdemeanor and summary offenses, including driving under the influence, harassment, open lewdness, and disorderly conduct.[6] On June 4, 2026, he entered a negotiated plea and pled guilty to DUI first offense and open lewdness, and the other charges were withdrawn.[7]

Shortly after his arrest on the foregoing charges, on December 10, 2025, ICE took Barillas Pinto into custody and detained him at Pike County Correctional Facility.[8] On March 25, 2026, an immigration judge (IJ) denied Barillas Pinto's applications for relief from removal and ordered him removed to Guatemala.[9]

---

1 Doc. 6-2 at 4.
2 *See* Doc. 6-3 at 2.
3 Doc. 6-2 at 4.
4 *Id.*
5 *Id.*
6 *See* Doc. 6-6 at 3-4.
7 *See id.* at 4-5, 9.
8 Doc. 6-2 at 3.
9 Doc. 6-4.

Barillas Pinto appealed this decision to the Board of Immigration Appeals (BIA).[10] That appeal remains pending.[11]

Barillas Pinto lodged the instant *pro se* habeas petition in this Court on July 2, 2026.[12] Respondent timely responded to the petition on August 6, 2026.[13] Barillas Pinto filed a traverse on August 17, 2026.[14] His Section 2241 petition is therefore ripe for disposition.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."[15] Because Barillas Pinto filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition.[16]

---

10 Doc. 6-5.
11 *See* Doc. 6 at 3.
12 Doc. 1.
13 *See generally* Doc. 6.
14 Doc. 7.
15 *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).
16 *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement, do not "arise from" removal proceedings and can be addressed by district courts).

## III. Discussion

Barillas Pinto was ordered removed to Guatemala. He has appealed that decision to the BIA and his appeal remains pending, so his order of removal is not final. He has been detained for almost nine months, and the parties appear to agree that his detention is governed by 8 U.S.C. § 1226(a). In his Section 2241 petition, Barillas Pinto argues that his detention has become unreasonably prolonged and thus violates the constitution.[17] He requests "immediate release" and that he not be transferred to another detention facility while his habeas petition is pending.[18]

Section 1226(a) of Title 8 of the United States Code provides that "[o]n a warrant issued by the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States."[19] The relevant implementing regulations state that a detainee under Section 1226(a) may be released on bond by ICE or by an immigration judge if the detainee "demonstrate[s] . . . that such release would not pose a danger to property or persons, and that [he] is likely to appear for any future proceeding."[20] If a Section 1226(a) detainee is denied release at the initial bond hearing, he may request a custody redetermination hearing before an immigration judge.[21] That request will

---

17 Doc. 1 at 7-8.
18 *Id.* at 8.
19 8 U.S.C. § 1226(a) (emphasis added).
20 8 C.F.R. § 236.1(c)(8).
21 *Id.* § 236.1(d)(1).

"be considered only upon a showing that the alien's circumstances have changed materially."[22] Both the initial bond determination and subsequent custody decisions can be appealed to the Board of Immigration Appeals (BIA).[23]

Respondent argues that although Barillas Pinto is discretionarily detained pursuant to 8 U.S.C. § 1226(a), he has not sought any of the administrative relief to which he is entitled under this statute and its related regulations. Specifically, Respondent maintains that Barillas Pinto has not requested a bond hearing before an immigration judge (IJ), nor has he appealed an unfavorable bond decision to the BIA.[24]

In his traverse, Barillas Pinto counters that he "sought release through immigration custody proceedings and appeared for bond-related hearings," but his "requests for bond were denied."[25] He does not, however, specify when he made these alleged requests for bond or when or where he attended "bond-related hearings." He also does not state whether he sought bond redetermination with an IJ or appealed any custody determination to the BIA. Notably, Barillas Pinto executed his traverse under penalty of perjury, thus giving that document evidentiary value as a sworn declaration or affidavit.[26]

---

22 *Id.* § 1003.19(e).
23 *Id.* § 236.1(d)(3).
24 *See* Doc. 6 at 5-6.
25 Doc. 7 at 2, 3.
26 *See id.* at 3-4.

Even taking Barillas Pinto's version of events as true, the Court cannot grant his habeas petition. He has not carried his burden to show that his Section 1226(a) detention violates federal law or the United States Constitution. He has not, for example, alleged or established that his underlying bond hearing was fundamentally unfair or offended the constitution. Nor has he alleged, for instance, that he requested a custody redetermination before an IJ pursuant to the implementing regulations[27] and was denied this procedural protection.

Rather, Barillas Pinto's primary (and in fact only) argument is that the duration of his Section 1226(a) detention violates his constitutional rights. Yet he "cites no authority, and we can find none, to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."[28]

In sum, Barillas Pinto attests under penalty of perjury that he has availed himself of the process provided by Section 1226(a) and its implementing regulations but that his administrative bond requests have been unsuccessful. The Court, however, cannot grant Barillas Pinto's habeas petition based solely on the duration of his Section 1226(a) detainment when he has received adequate due process protections,[29] so his Section 2241 petition must be denied.

---

27 *See* 8 C.F.R. § 236.1(d)(1).

28 *Borbot*, 906 F.3d at 276-77.

29 *See id.*

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Barillas Pinto's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge